IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MBNA AMERICA, )<br>)<br>    Defendant. ) | CIVIL ACTION NO.<br>3:06cv1071-MHT<br>(WO) |

OPINION

In this case, the _pro se_ plaintiff, Alonzo Austin, appears to be asking this court to enter a judgment confirming an arbitration award in his favor of $ 973.85 and awarding costs.  Unfortunately for Austin, this complaint is virtually identical to the one he filed with this court last month, _Austin v. MBNA America_, 2006 WL 3349937 (M.D. Ala. 2006) (Thompson, J.), which was dismissed for lack of jurisdiction.  For the same reason, lack of subject-matter jurisdiction, this case must be dismissed as well.

Federal district courts are courts of limited jurisdiction; jurisdiction must therefore be affirmatively alleged by the party making a claim or complaint.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kirkland Masonry v. Comm'r of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980) (per curiam).*  Austin's complaint fails to do this.

Nor does there appear to be any basis of subject-matter jurisdiction that Austin could allege.  The Federal Arbitration ("FAA") Act, 9 U.S.C. §§ 1-16, does not itself confer jurisdiction.  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983).  Rather, § 9 of the FAA provides for confirmation of an arbitration award only when the federal district court has an independent basis for jurisdiction.  Baltin v.

---

     * In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Alaron Trading Corp., 128 F.3d 1466, 1470 (11th Cir. 1997).  No such independent basis exists here.

First, there is no federal-question jurisdiction under 28 U.S.C. § 1331.  There is nothing in the complaint to indicate that the underlying dispute between Austin and MBNA arises under the Constitution, laws, or treaties of the United States.  Austin has attached to his complaint an exhibit which appears to be an arbitration agreement that "shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16."  Exh. A.  However, the fact that an arbitration agreement is "governed" by the FAA does not mean that it "arises under" the FAA.  The FAA neither confers jurisdiction nor does it supply a federal-question 'hook' to bring a contract dispute or other state-law claim into federal court under 28 U.S.C. § 1331. Isenhower v. Morgan Keegan & Co., 311 F.Supp.2d 1319, 1321 (M.D. Ala. 2004) (Fuller, J.).  The FAA is a federal statute, but without an

3

independent jurisdictional hook Austin must litigate his FAA claims in state court.

Second, there is no diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 contains an amount-in-controversy requirement of $ 75,000. Austin's arbitration award of $ 973.85 falls far short of that threshold.

Third, the court knows of no other federal statute that could confer original jurisdiction on this court to adjudicate the instant cause.

The court "not only has the power but also the obligation" to determine <u>sua sponte</u> whether it has jurisdiction over a cause of action. <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam). "Whenever it appears by suggestion of the parties <u>or otherwise</u> that the court lacks jurisdiction of the subject matter, the court <u>shall</u> dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphases added).

Accordingly, this case is due to be dismissed for lack of jurisdiction and thus without prejudice to Austin's being able to re-file his case in <u>state court</u>--which, the court emphasizes, is where it should have been filed in the first place.  Unfortunately, Austin is wasting his money, and squandering his $ 973.85 arbitration award, by filing (and re-filing) his case here.

An appropriate judgment will be entered.

DONE, this the 4th day of December, 2006.

<u>  /s/ Myron H. Thompson  </u>
**UNITED STATES DISTRICT JUDGE**